**Jurgita VENSLOVAITE; Julius Ulianskas, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72024.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2009.*

Filed March 31, 2009.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret K. Taylor, Esq., Barry J. Pettinato, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Robert W. Wilder, Esq., U.S. Dept. of Justice Antitrust Division, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Jurgita Venslovaite and her husband, natives and citizens of Lithuania, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum because the two attacks on Venslovaite did not rise to the level of past persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), and she failed to establish a well-founded fear of future persecution, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir.2005) (fear of future persecution too speculative where petitioner failed to substantiate claim that government unable or unwilling to control the people that harassed her).

Because Venslovaite failed to establish eligibility for asylum, she necessarily failed to meet the more stringent requirements for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

We do not consider Venslovaite's eligibility for relief under the Convention Against Torture ("CAT"), because the IJ never addressed CAT relief in his decision. *See Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000) ("this court cannot affirm the [agency] on a ground upon which it did not rely.") (citation omitted).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.